Eric T. RUCKER, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General, Defendant.

No. 97–C–308.

United States District Court, E.D. Wisconsin.

April 23, 1997.

Eric T. Rucker, Milwaukee, WI, Pro Se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The pro se plaintiff, Eric Rucker, filed the above-captioned action on March 27, 1997. He seeks redress for his alleged improper termination as an employee of the United States Postal Service. Presently before the court is the plaintiff's petition and affidavit for leave to proceed in forma pauperis.

■ In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2)(B)(i). Because I find that Mr. Rucker has satisfied both prongs of this test, his petition for leave to proceed in forma pauperis will be granted.

In his affidavit of indigence, Mr. Rucker states that he is employed by "Protel Mkt." on a part-time basis at the rate of $6.50 an hour. He further states that he has received money from a "temporary service position," but he does not give the amount he earned from this position. However, he avers that he has no money in private checking or savings accounts and that he owns no real estate bonds, automobiles, or other valuable property. Moreover, the list of debts that he owes includes a ticket owed to the city in the amount of $1000 and collection agency debts in the amount of $2000. I believe that Mr. Rucker has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the costs of commencing this action.

■ The plaintiff must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340(1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993). The court is obligated to give Mr. Rucker's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Vanskike v.*

*Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

In his complaint, Mr. Rucker alleges that he was "separated" from his position as a craft clerk with the United States Postal Service on August 18, 1993. Although his handwritten complaint is somewhat convoluted, Mr. Rucker appears to be claiming that untrue accusations of intoxication were made against him, that he never received a 30 day evaluation while he was on probation, and that he has proof that another employee who missed as many hours as Mr. Rucker was "treated differently." He asks that the defendant remove all negative comments from his employee record, that he be reinstated with a new probationary period, and that he be compensated for all lost wages. Although he doesn't state his race in his complaint, he has attached the United States Postal Office's "final agency decision" regarding this matter, and that decision states that Mr. Rucker is black.

Although the plaintiff's complaint fails to allege under what theories or laws he is bringing this action, it is obvious that at this juncture in the proceedings it would be inappropriate to determine that Mr. Rucker has no basis, either in law or fact, for relief. I will therefore grant him leave to proceed in forma pauperis.

The United States Marshal will be directed to serve a copy of the complaint, the summons, and this order upon the defendant. Mr. Rucker, however, is reminded that he is required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon the defendant, or if an appearance is entered by counsel, upon counsel, a copy of *every* pleading, motion or other paper he files with the court.

Therefore, IT IS ORDERED that Mr. Rucker's petition for leave to proceed in forma pauperis be and hereby is granted, pursuant to 28 U.S.C. § 1915(a) & (e)(2)(B)(i).

IT IS ALSO ORDERED that, pursuant to 28 U.S.C. § 1915(d), the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons, and this order upon the defendant.

IT IS FURTHER ORDERED that Mr. Rucker be and hereby is directed to serve upon the defendant, or defendant's counsel, all pleadings, motions or other papers filed with the court.